IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BYRUM WOODIN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

Case No. 6:14-CV-00753-AA

OPINION AND ORDER

Aiken, Chief Judge:

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income (SSI) benefits under the Social Security Act (the Act). See 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner's decision is affirmed.

### BACKGROUND

    On January 24, 2011, plaintiff protectively filed an application for SSI, tr. 22, 152; it was denied initially and on reconsideration. Tr. 89, 99. On August 8, 2012, plaintiff and a vocational expert (VE) appeared and testified before an

1 - OPINION AND ORDER

administrative law judge (ALJ). Tr. 38-73. On September 4, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 19-37. On March 11, 2014, the Appeals Council denied review, rendering the ALJ's decision as the final agency decision. Tr. 2-6. Plaintiff now seeks judicial review.

Plaintiff was forty-nine years old at the time of the ALJ's decision, with a limited education and no past relevant work. Tr. 31, 152. Plaintiff alleges disability since November 22, 2010, due to attention-deficit hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD), drug dependency, and blurry vision. Tr. 42-43, 176.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is supported by substantial evidence in the record and the correct application of the law. Valentine v. Comm'r Soc. Sec. Admin, 574 F.2d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted). In determining whether substantial evidence supports the decision, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the

2 - OPINION AND ORDER

evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 24; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had medically determinable impairments of ADHD, PTSD, a history of depression, an antisocial personality disorder, a history of right shoulder strain/sprain, chronic hip and back pain, and tingling in the hands. Tr. 24; 20 C.F.R. § 416.920(c). However, at step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 25-26; 20 C.F.R. § 416.920(d).

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform medium work. Tr. 26. The ALJ also found that plaintiff is limited to routine and repetitive tasks and only occasional interaction with the public and coworkers. Tr. 26; 20 C.F.R. §

3 - OPINION AND ORDER

416.920(e). Based on plaintiff's limited work history, the ALJ did not consider plaintiff's ability to perform past relevant work. Tr. 31; 20 C.F.R. § 416.920(f).

At step five, the ALJ found that plaintiff was capable of performing other work in the national economy as a cafeteria attendant, room cleaner, and garment sorter. Tr. 32; 20 C.F.R. § 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 33.

## DISCUSSION

Plaintiff asserts that the ALJ erred by: 1) rejecting plaintiff's subjective complaints; 2) failing to credit lay witness statements; 3) discounting the opinion of an examining psychologist, Dr. Duvall; and 4) finding that plaintiff retains the ability to perform other work. I find no error.

A. Credibility Finding

At the administrative hearing, plaintiff testified that he is unable to work because he is forgetful and becomes anxious around people. Tr. 50. Plaintiff also testified that he gets distracted, leaves projects unfinished, and has paranoia. Tr. 59-60. Plaintiff reported that his ability to focus is better and his moods stable when he takes his medication. Tr. 52. Plaintiff also testified that he has 20/40 vision with blurry eyesight, and that his eyesight has deteriorated in the three months and he can no longer see clearly with his eyeglasses. Tr. 60-61. Finally, he testified that his

4 - OPINION AND ORDER

shoulder pops out of place once a month, causing his hip to drop, pinching the sciatic nerve in his left leg, and causing partial paralysis and numbness in his fingertips and arm. Tr. 62.

The ALJ found that plaintiff's complaints about his physical limitations were not supported by the medical evidence reflecting little treatment for chronic hip or back condition, aside from conservative treatment with medication. Tr. 27-28. "Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). For example, when plaintiff sought chiropractic treatment for a shoulder sprain between June 10 and June 23, 2010, he reported that he experienced relief with treatment and exercised regularly. Tr. 409-10, 423. While incarcerated, plaintiff complained of hip pain, back pain, and right hand weakness and numbness. Tr. 307, 313, 316, 317. For these ailments, he was prescribed medication. Tr. 311, 319. The ALJ also noted that when asked why he could not work, plaintiff focused on his mental issues and did not mention his alleged back or hip pain. Tr. 28, 50. Thus, the ALJ's findings are supported by substantial evidence in the record.

The ALJ similarly found plaintiff's complaints of disabling mental impairments not credible, because his medications have been effective in treating his symptoms when he takes them as prescribed. Tr. 28. "Impairments that can be controlled effectively

5 - OPINION AND ORDER

with medication are not disabling for the purpose of determining eligibility for SSI benefits." Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ noted plaintiff's testimony that Wellbutin helps him focus and controls his mood swings. Tr. 27, 52. Similarly, in May 2009, plaintiff reported that he has difficulty "with focus and attention, following directions and sleeping" without his medication, but that he is stable when on his medication and suffers no side effects. Tr. 28, 438. In 2010, plaintiff reported that without his medications he experiences hallucinations, but that his medications improved his restlessness, poor attention, focus, and concentration. Tr. 259, 275. In 2011, plaintiff reported he that his moods were stable, he was sleeping well, and he had improved attention, focus, and concentration with his medication. Tr. 506. Finally, the ALJ noted that an examining psychologist, Dr. Duvall, found no significant psychological issues that would interfere with plaintiff's ability to work. Tr. 29, 541.

The ALJ also noted plaintiff's work history in making her credibility findings. Tr. 29. Although plaintiff's work history has been affected by his incarcerations, after his release from prison in February 2009 he worked at Labor Ready and performed demolition work for two months. Tr. 210. Shortly after that, he worked for Sky Chef prepping airplane meals before being laid off. Tr. 201, 538. In 2010, plaintiff worked as a seasonal produce sorter before he

6 - OPINION AND ORDER

was laid off. Tr. 46, 176. Thus, the ALJ appropriately found that this work history indicated an ability to perform some type of work. Tr. 30. The fact that plaintiff stopped working for reasons other than his alleged impairments is a sufficient basis to disregard his testimony. Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (upholding credibility finding where the claimant "stated at the administrative hearing and to at least one of his doctors that he left his job because he was laid off, rather than because he was injured.").

In sum, I find that the ALJ provided legally sufficient reasons to support her credibility findings.

B. Lay Witness Statements

Next plaintiff argues that the ALJ improperly rejected the lay witness statements of Goldie Woodin, plaintiff's spouse, and Sally Hayden, a friend. Tr. 213-16. I find that the ALJ provided adequate reasons to discount these statements. Generally, lay witness statements cannot be disregarded without comment; "the ALJ must give reasons that are germane to each witness." Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotation marks omitted); see also Valentine, 574 F.3d at 694. Here, the ALJ discounted the statements of Ms. Goldin and Ms. Hayden as inconsistent with the medical record and plaintiff's improvement with medication. Tr. 30. Such reasons are germane to their statements and fairly supported by the record, as noted above.

7 - OPINION AND ORDER

C. Dr. Duvall's Opinion

Plaintiff maintains that the ALJ erred by failing to adopt the limitations found by Dr. Duvall, an examining psychologist. In a medical source statement, Dr. Duvall indicated that plaintiff would have moderate to marked limitations interacting appropriately with the public, and moderate limitations interacting appropriately with supervisors and co-workers. Tr. 543. Dr. Duvall also commented that "conflict with authority figures [is] a central feature" of antisocial personality disorder. Tr. 543. Plaintiff argues that the ALJ erred by rejecting these aspects of Dr. Duvall's opinion.

However, in his written report, Dr. Duvall opined that, while plaintiff "does not have great social skills," he is "personable enough to get along adequately with supervisors and co-workers." 541. Moreover, Dr. Duvall wrote that "any obstacles to [plaintiff] working currently would have to be medical in nature." Tr. 541. Thus, by Dr. Duvall's own report, plaintiff's limitations in interacting appropriately with supervisors would not prevent him from adequately performing work duties. Tr. 541. Therefore, I find no error.

Plaintiff also contends that the ALJ erred because she limited plaintiff to "routine and repetitive" rather than "simple" tasks and failed to recognize plaintiff's limited math abilities. Tr. 26. In the medical source statement, Dr. Duvall indicated that plaintiff would have no limitations understanding, remembering, and

carrying out simple instructions, and moderate limitations in understanding, remembering, and carrying out complex instructions. Tr. 542. It is unclear whether Dr. Duvall restricted plaintiff to "simple" tasks by this assessment, given his opinion that plaintiff "is employable in those jobs for which his personal capabilities suit him." Tr. 541. Likewise, while Dr. Duvall noted that plaintiff's mental status examination "suggested some minor problems with arithmetic skills," Dr. Duvall did not assess any limitation with respect to math skills. Tr. 540.[1]

Regardless, even if the ALJ erroneously excluded these limitations from plaintiff's RFC, the error was harmless. Molina, 674 F.3d at 1115 ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (citation and internal quotation marks omitted); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).

The ALJ found that plaintiff could perform work as a garment sorter, cafeteria attendant, and room cleaner. The Dictionary of Occupational Titles (DOT) job descriptions of garment sorter and cafeteria attendant include Reasoning Levels of 02, while the description of a room cleaner includes a Reasoning Level of 01. DOT

---

[1] Plaintiff also suggests that the ALJ erred with respect to plaintiff's concentration, persistence or pace. However, Dr. Duvall found that plaintiff "is able to concentrate sufficiently, persist in work tasks, and pace himself through the day." Tr. 541. Moreover, the ALJ also found that plaintiff would not be able to work "at a rapid production pace." Tr. 69. Therefore, I find no error.

9 - OPINION AND ORDER

§§ 222.687-014 (garment sorter), 311.677-010 (cafeteria attendant), 323.687-014 (room cleaner) This court and the Ninth Circuit have found that a "reasoning level 2 is generally consistent with the ability to perform simple, routine tasks." <u>Delatorre v. Colvin</u>, 2013 WL 6284389, at *6 (D. Or. Dec 3, 2014); <u>see also</u> <u>Lara v. Astrue</u>, 305 Fed. Appx. 324, 326 (9th Cir. 2008). Thus, the the jobs identified at step five are consistent with a limitation to simple work.

Similarly, as discussed below, the jobs identified at step five do not involve extensive mathematical skills. I therefore find no error that warrants reversal. <u>See</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2011) (plaintiff must show a "substantial likelihood of prejudice" resulting from error).

<u>D. Ability to Perform Other Work</u>

Finally, I find no error in the ALJ's finding that plaintiff can perform other work in the national economy. Plaintiff maintains that the DOT descriptions for the jobs identified at step five require math skills beyond his capabilities. Plaintiff contends that because Dr. Duvall opined that plaintiff had poor math skills, the ALJ erred in relying on the jobs identified by the vocational expert, because they all require Mathematical Development Level 02.

As with Reasoning Levels, Mathematical Development levels are part of the DOT General Educational Development (GED) scale that "embraces those aspects of education (formal and informal) which

10 - OPINION AND ORDER

are required of the worker for satisfactory job performance." DOT Appx. C, § III. "This is education of a general nature which does not have a recognized, fairly specific occupational objective." Id. Thus, the GED definition trailers describe the relevant education levels "based on the curricula taught in schools throughout the United States"; the GED trailers may inform but do not necessarily impose job requirements. Id.

The job descriptions for cafeteria attendant and room cleaner include Mathematical Development Level 01, DOT §§ 311.677-010, 323.687-014; the garment sorter description includes Mathematical Development Level 02. DOT § 222.687-014. Level 01 includes adding and subtracting two-digit numbers, multiplying and dividing 10s and 100s by 2, 3, 4, and 5, and performing basic arithmetic operations involving currency and measurements. DOT Appx. C, § III (01 Mathematical Development). Notably, there is no level of Mathematical Development lower than 01. Regardless, as described in the DOT, the duties for garment sorter, cafeteria attendant, and room cleaner do not involve extensive math skills.

For example, a garment sorter: "Sorts finished garments, such as shirts, dresses, and pajamas, according to lot and size numbers recorded on tags and labels attached to garments. May fold and package garments in boxes and bags. May iron garments prior to folding." DOT § 222.687-014. Similarly, a room cleaner: "Cleans rooms and halls in commercial establishments, such as hotels,

11 - OPINION AND ORDER

restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets." DOT § 323.687-014. Finally, a cafeteria attendant: "Carries trays from food counters to tables for cafeteria patrons. Carries dirty dishes to kitchen. Wipes tables and seats with dampened cloth. Sets tables with clean linens, sugar bowls, and condiments. May wrap clean silver in napkins. May circulate among diners and serve coffee." DOT § 311.677-010.

Thus, none of the specific duties for these jobs require math skills inconsistent with the evidence of record. Therefore, the record supports the ALJ's reliance on the VE's testimony and the finding that plaintiff is able to perform other work.

## CONCLUSION

The ALJ's findings are supported by substantive evidence in the record, and the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

DATED this 24 day of June, 2015.

_____
Ann Aiken
United States District Judge

12 - OPINION AND ORDER